# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DEBORAH KAY STONE**                                                              **PLAINTIFF**

**v.**                                    **No. 4:16-CV-00717-KGB-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Parties may file written objections to all or part of this Recommendation. Objections must specifically explain the factual or legal basis for the objection. And to be considered, objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Deborah Stone applied for social security disability benefits on January 3, 2013, alleging an onset date of September 30, 2012. (R. at 68). After a hearing, the administrative law judge (ALJ) denied Ms. Stone's application on June 5, 2015. (R. at 34). Ms. Stone requested review, which the Appeals Council denied on August 24, 2016. (R. at 1). The ALJ's decision, therefore, now stands as the Commissioner's final decision. Ms. Stone filed this appeal on October 6, 2016, seeking judicial review.

**The Commissioner's Decision**

The ALJ found that Ms. Stone had the following severe impairments: osteoarthritis and fibromyalgia. (R. at 25). The ALJ then found that Ms. Stone had the residual functional capacity (RFC) to perform the full range of sedentary work, meaning she could lift or carry and push or pull up to 10 pounds; stand or walk for up to two hours in an eight-hour work day; sit for up to six hours in an eight-hour work day; and occasionally handle and finger. The ALJ further limited Ms. Stone, however, finding that she could not work near unprotected heights or moving or dangerous machinery.[1] (R. at 27). Ms. Stone's RFC precluded her from returning to her past relevant work. (R. at 33). After hearing testimony from a vocational expert (VE), however, the ALJ determined that Ms. Stone could perform other jobs existing in the national economy, such as information clerk. (R. 33–34). The ALJ held, therefore, that Ms. Stone was not disabled. (R. at 34).

**Discussion**

Ms. Stone argues that the ALJ erred: in failing to give sufficient weight to a treating physician's opinion; by giving too much weight to an opinion predating her alleged onset date; and by failing to perform a proper credibility determination. She also maintains that additional evidence submitted after the date of the decision warrants reversal. Because the ALJ assigned excessive weight to a medical opinion that predated the alleged onset date, it is not necessary to address Ms. Stone's other arguments.

---

[1] The ALJ's decision states in its fifth heading that Ms. Stone could perform the full range of sedentary work, but restates the RFC with the additional limitations. Due to the formatting of the decision, it is difficult to discern which RFC is the intended one. Hearing testimony indicates that either RFC would have produced the same result.

The task of the Court is to determine whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing this analysis, courts must consider both evidence that supports the Commissioner's decision and also evidence that detracts from the decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The court cannot reverse, however, merely because substantial evidence supports a different outcome.

Ms. Stone argues that the ALJ improperly gave "great weight" to the opinion of Peggy Pack, Ph.D., FAAIDD, dated August 22, 2012. (R. at 30). Dr. Pack diagnosed Ms. Stone with Obsessive Compulsive Disorder; Depressive Disorder, NOS; and R/O Anorexia Nervosa, Restrictive Type. (R. at 263). Curiously, the ALJ did not mention this diagnosis of Depressive Disorder when considering Dr. Pack's opinion. (R. at 31).

In her opinion, the ALJ primarily relied on Dr. Pack's evaluation in assessing Ms. Stone's activities of daily living. At that evaluation, Ms. Stone reported that she relied on no help with housework because her husband and son could not meet her standards. She reported that she went so far as to lay out her son's towel, wash cloth, and soap for bathing. (R. at 262).

By February of 2013, however, Ms. Stone reported that her husband cooked for the family, cleaned the house, did the laundry, and took care of the yard work. She reported that she had done all of the laundry prior to her onset date, but could no longer do so. (R. at 220). By 2013, Ms. Stone reported that she could take care of only one load

of laundry on days he was able; her husband and son helped with other housework. (R. at 221).

Ms. Stone testified that she was no longer able to do any housework except for a load of laundry. (R. at 56–57). The ALJ placed great emphasis on Ms. Stone's daily activities that she had reported in the earlier evaluation and failed to acknowledge that later statements and testimony revealed far more restricted activities. (R. at 26, 29, 30, 31). This is significant, because the ALJ noted an apparent contradiction in Ms. Stone's reported activities of daily living. In fact, the seemingly conflicting reports derived from two different time periods—one before the alleged onset date and the other from after. The ALJ treated the reports as contemporaneous and did not acknowledge Ms. Stone's reported sharp decline in her daily activities.

Furthermore, even though Ms. Stone did not allege disability due to mental impairments (R. at 68), the ALJ was critical of Ms. Stone for failing to voluntarily seek mental health treatment and for seeing Dr. Pack only on the orders of another doctor. Significantly, the ALJ did not find that Ms. Stone had any severe mental impairments, and Ms. Stone alleged none. Contrary to the ALJ's opinion, Ms. Stone's medical records are not inconsistent with her allegations of disability. Ms. Stone did not seek treatment for mental impairments because she did not allege disabling mental impairments.

The ALJ erred in relying heavily on Dr. Pack's finding that Ms. Stone was not disabled. Dr. Pack's report contained no information about Ms. Stone's daily activities after the alleged onset date and focused on "impairments" that Ms. Stone did not allege

and that were not at issue. The ALJ's reliance on Dr. Pack's opinion, therefore, was misplaced.

**Recommendation**

The ALJ improperly relied on, and gave great weight to, Dr. Pack's report. An opinion about impairments that were not alleged and not at issue was error. Dr. Pack's reports of Ms. Stone's daily activities prior to her alleged onset date does not constitute substantial evidence to support the ALJ's decision. For these reasons, the Commissioner's decision should be REVERSED and REMANDED with instructions to develop the record as necessary and to reconsider the evidence of record concerning Ms. Stone's residual functional capacity during the relevant period.

Dated this 22nd day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE